997 So.2d 1210 (2008)
The STATE of Florida, Appellant,
v.
Raydel B. RODRIGUEZ, Appellee.
No. 3D07-2451.
District Court of Appeal of Florida, Third District.
December 24, 2008.
Bill McCollum, Attorney General, and Timothy R.M. Thomas, for appellant.
George T. Pallas, for appellee.
*1211 Before WELLS and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
This is a State appeal from an order suppressing the incriminating evidence of a marijuana farm located within the defendant's premises, seized pursuant to a duly issued search warrant. The basis of the ruling was avowedly that, because the probable cause asserted in the supporting affidavits was largely founded upon a positive dog sniff near the structure, State v. Rabb, 920 So.2d 1175 (Fla. 4th DCA 2006), review denied, 933 So.2d 522 (Fla.2006), cert. denied, 549 U.S. 1052, 127 S.Ct. 665, 166 L.Ed.2d 513 (2006) controlled. Athough Rabb may be distinguishable from this case,[1] we need not further explore that matter because, without more, reversal is required by State v. Jardines, ___ So.2d ___, 2008 WL 4643082, 33 Fla. L. Weekly D2455 (Fla. 3d DCA Oct. 22, 2008), which held that Rabb was wrongly decided. Accord Stabler v. State, 990 So.2d 1258 (Fla. 1st DCA 2008). See also State v. Goodley, 381 So.2d 1180, 1182 (Fla. 3d DCA 1980)("dog's sniff [of an air traveler's suitcase] is not a fourth amendment search"); Mata v. State, 380 So.2d 1157 (Fla. 3d DCA 1980) (same). On the authority of Jardines, the order under review is reversed, and the cause is remanded for further proceedings.
Reversed and remanded.
NOTES
[1] Among other things, the grassy odor to which the accomplished dog in this case alerted emanated from a sewer pipe in the defendant's yard, rather than the house itself as in Rabb.